**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL A. HOLMBERG, | No. 13-35720 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-05069-BHS |
| v. | |
| BERNARD WARNER, Secretary of the Department of Corrections; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Washington state prisoner Michael A. Holmberg appeals pro se from the

district court's judgment dismissing for failure to exhaust administrative remedies

his 42 U.S.C. § 1983 action alleging retaliation and access-to-court claims.  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010), and we affirm.

The district court properly concluded that Holmberg's failure to exhaust his administrative remedies was not excused because Holmberg failed to establish that administrative remedies were effectively unavailable to him. *See id.* at 823 (describing limited circumstances under which administrative remedies are deemed unavailable or exhaustion is excused, such as where prison officials screened out inmate's appeals for improper reasons); *Nunez v. Duncan*, 591 F.3d 1217, 1224, 1226 (9th Cir. 2010) (plaintiff bears burden of proving that administrative remedies are unavailable, such as where prisoner took reasonable and appropriate steps to exhaust, but was precluded from exhausting by the warden's mistake).

Holmberg's pursuit of additional remedies allegedly available under Wash. Rev. Code § 72.01.060 does not constitute exhaustion of administrative remedies under the Prison Litigation Reform Act.

**AFFIRMED.**